IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AAYUSH KHATIWADA,<br>    Plaintiff, | § § § | |
| v. | § § | No. 3:22-cv-00079-S (BT) |
| GREGORY LYNN DEBOSKIE,<br>    Defendant. | § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This is a *pro se* civil action brought by Plaintiff Aayush Khatiwada for copyright infringement. (ECF No. 3). On January 14, 2022, the Court sent Khatiwada a Notice of Deficiency and Order (ECF No. 8), which ordered him to file a complaint that complies with Federal Rule of Civil Procedure 8(a) and on the proper form. The Order informed Khatiwada that failure to respond and cure the deficiencies by February 14, 2022 could result in a recommendation that his case be dismissed. Khatiwada did not respond or otherwise cure the deficiencies set forth in the Court's Order, and the time for doing so has passed. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam));

*accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Khatiwada's one-page complaint consists of only two short paragraphs and some attachments. He summarily alleges that there has been copyright infringement, but it is not clear from the complaint what relief, if any, he is seeking from the Court. The Court cannot screen his claims, and this litigation cannot proceed, until these deficiencies are cured. But Khatiwada has failed to comply with the Court's order to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and on the proper form. Dismissal without prejudice is warranted under these circumstances.

Khatiwada has failed to prosecute this lawsuit and also failed to obey a court order. The Court should dismiss his complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed February 17, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).